UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| SHEILA DUNCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 3:14-cv-34 |
| ) | |
| DIAMOND VALLEY FEDERAL CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1. Plaintiff, Sheila Duncan ("Duncan"), brings this Complaint against Defendant, Diamond Valley Federal Credit Union, ("Defendant"), for their discrimination against her based on her disability in violation of the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et. seq., and for retaliating against her for engaging in a protected activity under the ADA.

**II. Parties, Jurisdiction and Venue**

2. Defendant is a corporation doing substantial business in the Southern District of Indiana.

3. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 42 U.S.C. § 12117.

4. Duncan is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of Duncan's disability and/or it regarded Duncan as being disabled and/or Duncan has a record of being disabled.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6. Duncan satisfied her obligation to exhaust her administrative remedies having timely filed a U.S. Equal Employment Opportunity Commission Charge alleging disability discrimination and retaliation against Defendant. Duncan received her Notice of Suit Rights and timely files this action.

7. All events, transactions, and occurrences pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

### III.  Factual Allegations

8. Duncan was hired by the Defendant in 1994 and served as a Branch Manager from approximately 2004 until February 2013, when she assumed a Financial Services Representative II position.

9. At all times relevant, Duncan met or exceeded the Defendant's legitimate performance expectations.

10. Duncan remained in the position of Financial Services Representative II until the date of her termination from employment on September 3, 2013.

11. Duncan suffers from Post-Traumatic Stress Disorder ("PTSD"), resulting from multiple robberies she suffered through during her time of employment with the Defendant.

12. In late September of 2012, Duncan was written up for a loan process involving witness signatures. Similarly-situated individuals without a disability were not written up for performing the same loan processes.

13. Duncan then filed a Charge of Discrimination against the Defendant in September of 2012, alleging a failure to accommodate her disability and retaliation for seeking a reasonable accommodation.

14. In January of 2013, Duncan made a formal request to switch branch locations with the Defendant.

15. The Defendant allowed Duncan to switch branch locations; however Duncan suffered a salary decrease as a result of her request and was required to stay at the old branch through February of 2013 so she could train her replacement.

16. Duncan began working at her new branch location on March 1, 2013.

17. Duncan was then terminated on September 3, 2013. Defendant's stated reason for the termination of Duncan's employment is pretext for discrimination based on her known disability and in retaliation for having previously engaged in protected activity.

18. Similarly-situated non-disabled individuals and/or individuals who have not engaged in protected activity have not been terminated for having engaged in similar conduct.

19. Duncan was terminated due to her disability and in retaliation for engaging in protected activity in violation of the ADA.

### IV.  Legal Allegations

### Count I. ADA – Discrimination

20. Duncan hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint as if the same were set forth at length herein.

21. Defendant violated Duncan's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq. by discriminating against her and terminating her employment based on her disability.

22. Defendant's actions were intentional, willful and in reckless disregard of Duncan's rights as protected by the ADA.

23. Duncan has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## Count II. ADA-Retaliation

24. Duncan hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint as if the same were set forth at length herein.

25. Defendant retaliated against Duncan for her disability and for engaging in protected activity by ultimately terminating her employment.

26. Defendant's actions were intentional, willful and in reckless disregard of Duncan's rights as protected by the ADA.

27. Duncan has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## V. Requested Relief

WHEREFORE, Plaintiff, Sheila Duncan, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendants from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability;

2. Reinstate the Plaintiff to her former position or award front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages, consequential damages, and lost wages and benefits in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff her attorney fees, litigation expenses and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable;

8. Grant such other relief as may be just and proper.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:           baylsworth@bdlegal.com

*Attorneys for Plaintiff, Sheila Duncan*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Sheila Duncan, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:    (812) 424-1000
Facsimile:    (812) 424-1005
Email:        baylsworth@bdlegal.com

*Attorneys for Plaintiff, Sheila Duncan*